| | |
|---|---|
| McGREGOR W. SCOTT<br>United States Attorney<br>KEVIN C. KHASIGIAN<br>Assistant U. S. Attorney<br>501 I Street, Suite 10-100<br>Sacramento, CA  95814<br>Telephone:  (916) 554-2700<br><br>Attorneys for the United States | |

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>REAL PROPERTY LOCATED AT 1932 NAOMI WAY, SACRAMENTO, CALIFORNIA, SACRAMENTO COUNTY, APN: 266-0160-005-0000, INCLUDING ALL  APPURTENANCES AND IMPROVEMENTS THERETO, and<br><br>REAL PROPERTY LOCATED AT 2117 SOUTH AVENUE, SACRAMENTO, CALIFORNIA, SACRAMENTO COUNTY, APN: 252-0183-012-0000, INCLUDING ALL  APPURTENANCES AND IMPROVEMENTS THERETO,<br><br>        Defendants. | 2:18−CV−00746−KJM−CKD<br><br><br>STIPULATION TO STAY FURTHER PROCEEDINGS AND ORDER |

      The United States and Claimants Danyun Liu and First Life LLC hereby stipulate that a stay is necessary in the above-entitled action and request that the Court enter an order staying all further proceedings until the resolution of the related criminal cases, <u>United States v. Leonard Yang, et al.</u>, Case 2:16-CR-00189-KJM and <u>United States v. Xiu Ping Li, et al.</u>, Case No. 2:17-CR-00136-KJM.

      1.      This is a forfeiture *in rem* action against two properties pursuant to 21 U.S.C. § 881(a)(7) because they were allegedly used to commit or facilitate violations of federal drug laws:

a. Real Property located at 1932 Naomi Way, Sacramento, California, the "*Defendant Naomi Way.*" Danyun Liu has filed a claim asserting an ownership interest in defendant Naomi Way.

b. Real Property located at 2117 South Avenue, Sacramento, California, the "*Defendant South Avenue.*" Danyun Liu has filed a claim asserting an ownership interest in defendant South Avenue. First Life LLC filed a claim asserting a lienholder interest in defendant South Avenue.

2. The stay is requested pursuant to 18 U.S.C. §§ 981(g)(1), 981(g)(2), and 21 U.S.C. § 881(i). The United States contends that the defendant properties were used and intended to be used to commit or facilitate violations of federal drug laws in violation of 21 U.S.C. §§ 841 *et seq*. Claimants deny these allegations.

3. To date, several individuals have been charged with federal crimes related to marijuana manufacturing and distribution in <u>United States v. Leonard Yang, et al.</u>, Case 2:16-CR-00189-KJM and <u>United States v. Xiu Ping Li, et al.</u>, Case No. 2:17-CR-00136-KJM. It is the United States' position that the statute of limitations has not expired on potential criminal charges relating to the drug trafficking involving the defendant properties. Nevertheless, the United States intends to depose claimants (and others) regarding their ownership of the defendant properties, as well as their knowledge and participation in large scale marijuana cultivation, including the marijuana grow at the defendant properties, as well as the circumstances behind the purchase of the properties. If discovery proceeds at this time, claimants will be placed in the difficult position of either invoking their Fifth Amendment rights against self-incrimination and losing the ability to pursue their claims to the defendant properties, or waiving their Fifth Amendment rights and submitting to a deposition and potentially incriminating themselves. If they invoke their Fifth Amendment rights, the United States will be deprived of the ability to explore the factual basis for the claims they filed with this court.

4. In addition, claimants intend to depose, among others, the agents involved with this investigation, including but not limited to, the agents with the Federal Bureau of Investigation ("FBI"). Allowing depositions of the law enforcement officers at this time would adversely impact the federal prosecution and ongoing investigation.

5. The parties recognize that proceeding with these actions at this time has potential adverse effects on the investigation of the underlying criminal conduct and/or upon the claimant's ability to assert

any defenses to forfeiture. For these reasons, the parties jointly request that these matters be stayed until the conclusion of the related criminal cases. At that time the parties will advise the court of the status of the criminal investigation, if any, and will advise the court whether a further stay is necessary.

6. If any of the defendant properties go into default, the parties reserve the right to seek all avenues of redress to preserve the real properties, including filing a motion for interlocutory sale or seeking a receiver appointment to collect rents and maintain the properties.

Dated: 7/30/2018
McGREGOR W. SCOTT
United States Attorney

By: /s/ Kevin C. Khasigian
KEVIN C. KHASIGIAN
Assistant U.S. Attorney

Dated: 7/30/2018
/s/ J. Patrick McCarthy
J. PATRICK MCCARTHY
Attorney for Claimants Danyun Liu and
First Life LLC

## ORDER

For the reasons set forth above, this matter is stayed under 18 U.S.C. §§ 981(g)(1), 981(g)(2) and 21 U.S.C. § 881(i) until the resolution of companion criminal cases. The parties shall file a joint status report within 30 days of the conclusion of the parallel criminal cases, or as the court deems appropriate.

IT IS SO ORDERED.

DATED: August 6, 2018

_____
UNITED STATES DISTRICT JUDGE